Steven A. Nielsen (CSB 133864)
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Motion to be Filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Attorneys for Plaintiff
Tellagemini Communication LLC**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Tellagemini Communication LLC,**<br><br>  Plaintiff,<br><br>  v.<br><br>**VirtualPBX.com, Inc.,**<br><br>  Defendant. | Case No. _____<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Tellagemini Communication LLC ("Tellagemini"), through its attorneys, complains of VirtualPBX.com, Inc. ("VirtualPBX"), and alleges the following:

**PARTIES**

1.  Plaintiff Tellagemini Communication LLC is a corporation organized and existing under the laws of Washington that maintains its principal place of business at 3135 East 11th Avenue, Spokane, WA 99202.

1

2. Defendant VirtualPBX.com, Inc. is a corporation organized and existing under the laws of California that maintains its principal place of business at 111 North Market St, Suite 402, San Jose, CA 95113.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Tellagemini has suffered harm in this district.

## PATENT-IN-SUIT

7. Tellagemini is the assignee of all right, title and interest in United States Patent No. 7,062,036 (the "'036 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Tellagemini possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## **The '036 Patent**

8.  The '036 Patent is entitled "Telephone call information delivery system," and issued 6/13/2006. The application leading to the '036 Patent was filed on 7/1/2002, which ultimately claims priority from provisional application number 60/118,971, filed on 2/6/1999. A true and correct copy of the '036 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.  The '036 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '036 PATENT

10. Tellagemini incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '036 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least VirtualPBX's Conferencing (among the "Exemplary VirtualPBX Products") that infringe at least exemplary claims 7 of the '036 Patent (the "Exemplary '036 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '036 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '036 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '036 Patent. On information and belief, Defendant has also continued to sell the Exemplary VirtualPBX Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '036 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '036 Patent.

15. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '036 Patent, literally or by the doctrine of equivalence, by selling Exemplary VirtualPBX Products to their customers for use in end-user products in a manner that infringes one or more claims of the '036 Patent.

16. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '036 Patent, literally or by the doctrine of equivalence, by selling Exemplary VirtualPBX Products to their customers for use in end-user products in a manner that infringes one or more claims of the '036 Patent.

17. Exhibit 2 includes charts comparing the Exemplary '036 Patent Claims to the Exemplary VirtualPBX Products. As set forth in these charts, the Exemplary VirtualPBX Products practice the technology claimed by the '036 Patent. Accordingly, the Exemplary VirtualPBX Products incorporated in these charts satisfy all elements of the Exemplary '036 Patent Claims.

18. Tellagemini therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19. Tellagemini is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

20. Under Rule 38(b) of the Federal Rules of Civil Procedure, Tellagemini respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Tellagemini respectfully requests the following relief:

A.  A judgment that the '036 Patent is valid and enforceable;

B.  A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '036 Patent;

C.  An accounting of all damages not presented at trial;

D.  A judgment that awards Tellagemini all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Tellagemini for Defendant's infringement, an accounting:

   i.  that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Tellagemini be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii. that Tellagemini be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Tellagemini be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 31, 2019          Respectfully submitted,

/s/ Steven A. Nielsen
Steven A. Nielsen
NIELSEN PATENTS
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Motion to be Filed*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Tellagemini Communication LLC**